NOT DESIGNATED FOR PUBLICATION

Nos. 118,826
118,827
118,828

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interests of J.P.P., J.J.P., and J.P.,
Minor Children.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed September 21, 2018. Remanded with directions.

*Jennifer L. Dahlstrom*, of Dahlstrom Law Office, LLC, of Salina, for appellant natural mother.

*Daryl E. Hawkins*, assistant county attorney, for appellee.

Before ATCHESON, P.J., HILL, J., and STUTZMAN, S.J.

PER CURIAM:  M.P. (Mother) has three children, J.P., J.P.P., and J.J.P., who are the subjects of this appeal. On December 17, 2015, the State filed petitions in the Dickinson County District Court seeking findings that J.P.P and J.J.P. were children in need of care. The district court adjudicated those children as in need of care on February 2, 2016. A petition asking for the same finding with respect to J.P. was filed on June 8, 2016, and a week later the district court placed J.P. in temporary custody of the Department for Children and Families (DCF). J.P., however, was not adjudicated as a child in need of care until August 15, 2017. In November 2017, the district court entered orders terminating Mother's parental rights to all three children. She timely appeals those orders.

1

Mother presents three issues for our review: (1) There was not clear and convincing evidence supporting the district court's finding that Mother was unfit; (2) the evidence did not support the district court's finding that termination of Mother's rights was in the children's best interest; and (3) the evidence did not support the district court's finding that public agencies made reasonable efforts to rehabilitate the family.

*The district court's order terminating rights lacks specific findings of fact.*

The requirements for termination of a parent's rights are set by statute:

> "When the child has been adjudicated to be a child in need of care, the court may terminate parental rights or appoint a permanent custodian when the court finds by clear and convincing evidence that the parent is unfit by reason of conduct or condition which renders the parent unable to care properly for a child and the conduct or condition is unlikely to change in the foreseeable future." K.S.A. 2017 Supp. 38-2269(a).

The district court filed three journal entries on the State's motion to terminate Mother's rights, one for each child, ultimately concluding the statutory basis for termination had been met by clear and convincing evidence. Each of those orders is similar in form—and deficient in content.

Each journal entry contains a chronological review, summarizing what appears to be each hearing in the case, generally in a format that recites date, purpose, appearances, actions recommended, adoption or modification of agency recommendations by the court, and date of the next hearing. Following the chronology is a series of conclusory statements referring to reasonable efforts by the social service agencies to reintegrate the family and Mother's failure to carry out the court's approved plans. The order also asserts a failure by Mother to take over primary care of the children and to live with them on a fulltime basis—apparently due to her failure to satisfactorily carry out the reintegration

2

plans—concluding that Mother is "unable to care for and supervise the juvenile[s]" and put her own interests ahead of the children.

Essential, but absent from the district court's order, are specific findings of fact, drawn from the evidence presented to the court, that form the basis for each of the court's conclusions that accumulated to show clear and convincing evidence of Mother's unfitness. "Where the findings and conclusions of the trial court are inadequate to permit meaningful appellate review, the appellate court has no alternative but to remand the case for new findings and conclusions." *Mies v. Mies*, 217 Kan. 269, Syl. ¶ 3, 535 P.2d 432 (1975); see also K.S.A. 2017 Supp. 60-252; Supreme Court Rule 165(a) (2018 Kan. S. Ct. R. 215).

Before we can undertake any analysis of the issues Mother has presented, therefore, we must remand the case for those findings to be stated by the district court and linked to its conclusions. Under the circumstances, we neither assume nor offer any opinion concerning the ultimate resolution of the appeal and reserve that for our full review upon return of the case from the district court.

Because the questions that affect Mother and these three children so significantly are unanswered as long as this appeal remains pending, the revised findings must be given an elevated priority among the district court's many tasks. For the same reason, we direct that within 5 days of the filing of the district court's revised findings, the parties submit a proposed, accelerated schedule for submission of any supplemental briefs relating to the revisions. Finally, the clerk of the district court is directed to add the district court's revised findings and conclusions to the record of this appeal.

Remanded with directions.